IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT-DAVID RANGER,**<br>**Plaintiff,** | ) | |
| **vs.** | ) | **C.A. No. 1:26-cv-180** |
| **JAMES METZGAR, et al,**<br>**Defendants.** | ) | **District Judge Baxter** |

**MEMORANDUM OPINION**

**Procedural History**

Plaintiff Robert-David Ranger, acting pro se, initiated this action by the filing of a motion for leave to proceed in forma pauperis along with a motion for preliminary injunction. *See* ECF No. 1. No complaint accompanied these filings. Plaintiff's motion for in forma pauperis status was granted, his motion for preliminary injunction was dismissed for lack of jurisdiction due to the absence of a complaint, and this case was administratively closed. ECF No. 3, 4. The Court noted that Plaintiff could re-open this case by filing a complaint at this case number.

On August 11, 2026, Plaintiff filed another motion seeking in forma pauperis status, along with a complaint, and a motion for preliminary injunction. ECF No. 5. About a month later, Plaintiff lodged an Amended Complaint, as well as another motion for preliminary injunction and a supporting brief. ECF No. 6-8.

The operative complaint in this case is the Amended Complaint, presently lodged at ECF No. 6. As Defendants to the action, Plaintiff names Officer James Metzgar, Secretary of Transportation Michael Carroll, Deputy Secretary for Driver and Vehicle Services Kara Tampleton, Clerk of Courts Robin Patton, President Judge Wade Kagarise of the Blair County

Court of Common Pleas, Magisterial District Judge Daniel Deantonio, District Attorney Peter Weeks, Parole Agents Scott Shay and Mark Orlando, and twenty John Does. Plaintiff purports to state two separate legal claims: one under the Fourth Amendment against Officer Metzgar and one for due process, presumably against all the other named Defendants. Plaintiff's legal claims arise out of a traffic stop that led to his arrest and eventual trial. As relief for the alleged violation of his constitutional rights, Plaintiff seeks monetary damages in the amount of $133,000,000.00. Plaintiff's motion for preliminary injunction seeks the "preservation of material evidence." ECF No. 8.

**Standard of Review**

Pursuant to 28 U.S.C. § 1915(e)(2), as amended, "[t]he court shall dismiss the case at any time if the court determines that ... (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A claim is frivolous if it: (1) is based upon an indisputably meritless legal theory and/or, (2) contains factual contentions that are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Whether a complaint fails to state a claim under § 1915(e)(2) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). This standard requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to § 1915, a court must grant the

plaintiff leave to amend his complaint unless the amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

**Plaintiff's Claims**

In his Amended Complaint, Plaintiff self-identifies just two legal claims. ECF No. 6. The factual allegations supporting these legal claims are scant and underdeveloped.

Even though his pleading is difficult to follow, because Plaintiff is proceeding *pro se*, his filings must be "liberally construed." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). The Court must "apply the applicable law, irrespective of whether [Plaintiff] has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (internal quotation marks and citation omitted). Notwithstanding this relaxed pleading-standard, however, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

Plaintiff's due process claim, even liberally construed, fails. In relation to the due process claim, Plaintiff alleges:

> 9. [Defendants, other than Officer Metzgar] are included only for conduct personally attributable to them or for prospective relief legally available against a proper official. I do not seek damages from a judicial or prosecutorial defendant for conduct protected by absolute immunity, nor damages barred by the Eleventh Amendment.
>
> 24. I allege that governmental decisions affecting my liberty and continued custody must comply with the process required by the Constitution. I seek relief only for conduct that can be attributed to a proper defendant and that amounts to a legally cognizable due process violation.
>
> 25. I do not rely merely on the fact of acquittal to establish liability. I allege that the legality of each challenged period of detention must be determined from the governing process, orders, parole authority, and facts applicable to that period.

ECF No. 6.

Plaintiff's due process claim is deficient for multiple reasons, the most fundamental being its lack of any factual support. Plaintiff does not identify how his rights to procedural or substantive due process were violated, nor does he allege facts demonstrating the personal involvement of any named Defendant in the purported deprivation of those rights. Additionally, several of the named Defendants are likely immune. *See, for example, Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978) (judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity so long as they do not exceed their jurisdiction); *Blackwell v. Middletown Borough Police Dept.*, 2012 WL 4033671, at *4 (M.D. Pa. May 30, 2012) (applying judicial immunity to magisterial district justices); *Parry v. Westmoreland County*, 2011 WL 13585741, at *1 (W.D. Pa. Jan. 11, 2011) ("A clerk of courts is entitled to absolute quasi-judicial immunity whenever the clerk is performing duties required by statute or at the direction of a judge."); *Kulwicki v. Dawson*, 969 F.2d 1454, 1463-64 (3d Cir. 1992) ("A prosecutor is absolutely immune when making" the decision to prosecute, "even where he acts without a good faith belief that any wrongdoing has occurred.").

Plaintiff's Fourth Amendment claim also suffers from lack of factual support, though to a lesser extent. As far as this Court can glean from the Amended Complaint, Plaintiff was pulled over by Officer Metzgar in Altoona, Pennsylvania on May 23, 2025. ECF No. 6. He contends that the "stop, its continuation, my arrest, and the basis asserted for the arrest must be evaluated under the Fourth and Fourteenth Amendments and the facts known to the officer at the time." *Id.* at ⁋ 13. Plaintiff remained in custody until his jury trial when he was found not guilty of an obstruction charge. *Id.* at ⁋⁋ 14-15. Fourth Amendment claims are necessarily fact specific because they revolve around probable cause. Probable cause exists when the facts and circumstances within an officer's knowledge are sufficient to warrant a reasonable person to

conclude that the person being arrested has committed an offense. *See Groman v. Township of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995). A plaintiff must plead the absence of probable cause as an essential element of both false arrest and malicious prosecution claims udne the Fourth Amendment. *See James v. City of Wilkes-Barre,* 700 F.3d 675, 680, 683 (3d Cir. 2012) (lack of probable cause is an element of a Fourth Amendment false arrest claim); *Johnson v. Knorr,* 477 F.3d 75, 81-82 (3d Cir. 2007) (lack of probable cause is an element of a Fourth Amendment malicious prosecution claim). In his Amended Complaint, Plaintiff acknowledges that his Fourth Amendment claim will turn on "the actual legal basis for the stop, arrest, and detention and the facts known to the responsible officials." ECF No. 6, ⁋ 22. However, Plaintiff has not provided any factual details to support his Fourth Amendment claim against Metzgar.

District courts must generally allow a *pro se* plaintiff such as Ranger leave to amend a deficient complaint prior to dismissal unless doing so would be futile. *See Gay v. City of Phila.*, 603 Fed. App'x 87, 88 (3d Cir. 2015) *citing Grayson*, 293 F.3d at 108. "Amendment of the complaint is futile if the amendment will not cure the deficiency in the original [pleading] or if the amended [pleading] cannot withstand a renewed motion to dismiss." *Citizens Bank of Pa. v. Reimbursement Techs., Inc.*, 609 Fed. App'x 88, 95 (3d Cir. 2015) *quoting Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988). It is possible that Plaintiff could state sufficient factual allegations to state a claim, especially in regard to his Fourth Amendment claim, and he will be allowed to file a Second Amended Complaint.

The Second Amended Complaint must contain a statement of facts which sets forth the relevant details of this case. In civil rights cases, more than conclusory and vague allegations are required in order to state a cause of action. The Second Amended Complaint must include relevant dates, times, and locations. Plaintiff should relate the relevant facts in chronological

order. The amendment must explain what happened by specifically describing each Defendant's behavior or action – or lack of action – that resulted in the alleged constitutional violation. Plaintiff should provide factual background that explains the "who, what, where, when, and how" of his claims, rather than focusing on legal terms and theories. Failure to follow these instructions may result in the dismissal of this action.

Finally, Plaintiff's motion for preliminary injunctive relief will be denied as the relief Plaintiff seeks is not appropriate for such a motion.[1] Plaintiff requests that Defendants generally preserve evidence relevant to this action. ECF No. 7, 8. This request does not warrant preliminary injunctive relief. Plaintiff identifies no particular evidence that is at risk of being destroyed, altered, or lost, nor does he allege any facts suggesting that Defendants are likely to destroy or alter evidence absent an injunction. His generalized concern that unspecified evidence might disappear is insufficient to establish the imminent and irreparable harm required for a preliminary injunction. *See Del. State Sportsmen's Ass'n, Inc. v. Del. Dep't of Safety & Homeland Sec.*, 108 F.4th 194, 200-02 (3d Cir. 2024). Indeed, Plaintiff has not explained how the loss of any particular evidence would prevent the Court from adjudicating any potential claims. Accordingly, Plaintiff has not demonstrated a basis for the extraordinary remedy of preliminary injunctive relief.

An appropriate Order follows this Memorandum Opinion.

---

[1] Preliminary injunctive relief is "an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the inunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *Id.* at 153.